



**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

*Main Reception: (413) 785-0235*

*United States Courthouse, Suite 9200*
*Federal Building & Courthouse*
*1550 Main St., Room 310*
*Springfield, Massachusetts 01103*

December 2, 2003

Richard Maggi
73 Chestnut Street
Springfield, MA 01103

> Re: United States v. Melvin Richardson
>     Criminal No. 03-30047-MAP

Dear Counsel:

Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A. Rule 16 Materials

1. Statements of Defendant under Rule 16 (a)(1)(A)

    a. Written Statements

A copy of the Miranda Advice of Rights form signed by defendant is enclosed.

There are no relevant written statements of the defendant Melvin Richardson in the possession, custody or control of the government, which are known to the attorney for the government.

    b. Recorded Statements

Consensual audio and video recordings were made of

conversations and personal meetings involving the defendant Melvin Richardson. Except as noted in the accompanying Rule 116.6 letter, these recordings are available for your review and copies are available for defense counsel at the United States Attorney's Office.

    c.  <u>Grand Jury Testimony of the Defendant</u>

The defendant Melvin Richardson did not testify before a grand jury in relation to this case.

    d.  <u>Oral Statements to Then Known Government Agents</u>

A summary of a post arrest debriefing of the defendant Melvin Richardson is forthcoming and will be provided as soon as it is completed.

2.  <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

Enclosed is a copy of the defendant's prior criminal record.

3.  <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Special Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

4.  <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

A copy of the DEA drug analysis reports and ATF property transfer forms have not been received yet and will be provided to you upon receipt by this office.

There presently are no other reports (including physical or mental examinations) other than previously referenced as scientific tests or experiments made in connection with this case.

B. <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

An inventory search was conducted of the 1996 Mitsubishi Gallant bearing Massachusetts registration number 44AT04 and Vehicle Identification number 4A3AJ46G0TE328170 on October 30, 2003 by ATF. A copy of an ATF report describing that search will be provided to you upon receipt by this office.

No other searches were conducted in connection with investigation of the charges contained in the indictment in this case.

C. <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D. <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

Please see Paragraph A(1)(b) and accompanying Rule 116.6 letter.

E. <u>Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)</u>

There is no conspiracy count charged in the indictment.

F. <u>Identifications under Local Rule 116.1(C)(1)(f)</u>

I have no information indicating that the defendant Melvin Richardson was the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant. In the event that I become aware that such a procedure was used, I will advise you at that time and provide you with copies of any tangible evidence reflecting, used in or memorializing the identification procedure.

G. <u>Exculpatory Evidence Under Local Rule 116.2(B)(1)</u>

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is

3

defined in Local Rule 116.2(A), the government states as follows:

1. The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

2. The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

3. No promises, rewards, or inducements have been given to any witness whom the government anticipates calling in its case-in-chief.

4. The government is unaware that any of its named case-in-chief witnesses has a criminal record.

5. The government is unaware that any of its named case-in-chief witnesses has criminal cases pending.

6. No named percipient witnesses failed to make a positive identification of a defendant with respect to the crimes at issue.

No identification procedure was used in this case.

H.  Other Matters

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi. The time, date, and place at which the alleged offenses were committed is set forth in the indictment in this case a copy of which you previously have received.

4

Please call the undersigned Special Assistant U.S. Attorney at (413) 785-0108 if you have any questions.

                        Very truly yours,

                        MICHAEL J. SULLIVAN
                        United States Attorney

By: *[signature]*
       James R. Goodhines
       Special Assistant U.S. Attorney

enclosures

5



U.S. Department of Justice

United States Attorney
District of Massachusetts

Main Reception: (413) 785-0235
Fax (413) 785-0394

Federal Building and Courthouse
1550 Main Street, Room 310
Springfield, Massachusetts 01103

December 2, 2003

Richard Maggi
73 Chestnut Street
Springfield, MA 01103

Re: United States v. Melvin Richardson
Criminal No. 03-30047-MAP

Dear Counsel:

Please be advised that certain required disclosures under Rule 116.1(C), Rule 116.2, and Rule 116.4 have not been made under Rule 116.6. This matter involves a recorded consensual conversation, which if revealed would be detrimental to the safety interests of an individual at this time.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: James R. Goodhines
James R. Goodhines
Special Assistant U.S. Attorney