UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) No. 03-30047-MAP | |
| ) | |
| MELVIN RICHARDSON ) | |

## MOTION TO DISCLOSE IDENTITY OF CONFIDENTIAL INFORMANT

Now comes the defendant in the above entitled action and moves this Honorable Court for an order directing the Government to disclose the identity of the confidential informant utilized during this investigation and as his basis, therefore, asserts the following:

The defendant offers to establish at an evidentiary hearing that on October 30, 2004 the defendant accompanied by a Hispanic male he knew as "ATF" a/k/a/ Rasheed Mapp, were present within the interior of an automobile belonging to a Federal Agent when the defendant was arrested and charged with the crimes set forth within the above entitled indictment.

The meeting with the Agent was set up by Mr. Mapp. The defendant had met "ATF" when they were in the pre-release section of the Hampden County House of Correction. The defendant was released from custody in October, 2002 and did not see "ATF" again until the summer of 2003.

"ATF" was acting as a confidential source for the DEA and BATF during the year 2003. The defendant alleges the government's informant met with him on a daily basis from June, 2003 until his arrest. During the course of the several months leading up to to the defendant's arrest the informant unsuccessfully solicited the defendant to provide him with cocaine on multiple occasions telephoning the defendant daily over an extended period of time. The defendant was unable to do so and frequently told the informant this. The defendant may have an affirmative defense if the informant's conduct in this indictment amounted to entrapment.

Disclosure of confidential informants and other informants, agents, and cooperating individuals is controlled by Roviaro v. United States, 353 U. S. 53 (1957). Roviaro requires a focus on whether the informant possesses facts which are relevant and material to the accused in preparing his defense upon the merits, or "essential to a fair determination of a cause", and a case-by-case balancing of an individual's right to prepare his defense vis-a-vis the public interest

in protecting the flow of information.   353 U.S. at 60-61, 66, 77.  See also United States v. Fischel, 686 F. 2d 1082 (5th Cir. 1982); and United States v. Deutsch, 475 F. 2d 55, 56-57 (5th Cir. 1973).   United States v. Auten, 632 F. 2d 478, 481 (5th Cir. 1980).

Defendant's requests specifically ask the government to disclose the existence and identities of informants which fit the criteria for disclosure set out in Roviaro, and its progeny.  Clearly, to the extent that the government intends to call such informants as witnesses at any pretrial hearing or at trial, disclosure is warranted.  Such disclosure should be required sufficiently soon (pretrial) in order that the defendant may conduct appropriate background investigation and otherwise be prepared to effectively cross-examine such witnesses and, with regard to those informants or cooperating witnesses, whom the government does not intend to call as witnesses, their status as alleged participants or observers of activities included in the indictment makes their availability to defendant for an interview crucial to the preparation of his defense.

The Roviaro inquiry defies mechanical solutions in determining whether the government's privilege may be breached, a case by case approach is better suited to this requirement.  U.S. v. Perez, 299 F. 3rd 1 (1st Cir.) 2002, U.S. v. Robinson, 144 F. 3rd 104 (1st Cir. 1998), U.S. v. Formanczyk, 949 F. 3rd 526 (1st Cir. 1991).

THE DEFENDANT

BY: /s/ 

Vincent A. Bongiorni, Esq.
95 State Street, Suite 309
Springfield, MA. 01103
(413) 732-0222
BBO #049040

CERTIFICATE OF SERVICE

I, Vincent A. Bongiorni, Esq., do hereby certify that I have served a copy of the foregoing to the Assistant United States Attorney, United States District Court, 1550 Main Street, Springfield, MA. 01103 this _____ day of March, 2004.

_____
Vincent A. Bongiorni