CLERK'S OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS 2004 AUG 27 P 5: 05

UNITED STATES OF AMERICA,     )     CRIM. NO. 03-30047-MAP
                              )                DISTRICT OF MASS.
          vs.                 )
                              )
MELVIN RICHARDSON,            )
                              )
                  Defendant.  )

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
### FOR DISCOVERY RELATING TO CONFIDENTIAL INFORMANT

The United States of America, by and through Michael J.
Sullivan, United States Attorney for the District of
Massachusetts, and James R. Goodhines, Special Assistant United
States Attorney, hereby files its response to the Defendant's
Motion for Discovery Relating to Confidential Informant.

1.   Concerning the informant or any "person" as described
in the paragraph one of the defendant's discovery request, no
charges could be brought by federal, state or local authorities,
which have not or which the informant believes may have been
brought because the informant's cooperation.

2.   No memorandum of understanding has been created in
relation to the informant in this case.

3.   a.   The informant was paid for participation in the
          instant firearms offense by the Bureau of Alcohol,
          Tobacco and Firearms (ATF).   ATF paid the informant
          $200 for subsistence.   The defendant was paid a total

1

of $1240 for cooperation on all investigations that he participated with the ATF.

b.    There are no relevant other fees or agreements in the possession, custody or control of the government, which are known to the attorney for the government.

4.    There were no other services or other acts performed on behalf of the informant or other persons as described in the paragraph one of the defendant's discovery request that may bear on the informant's credibility in the possession, custody or control of the government, which are known to the attorney for the government.

5.    There is no information known to the attorney for the government concerning drug or alcohol usage and/or dependency or treatment of the informant.

6.    There is no information known to the attorney for the government concerning any physical or mental disease, disability or disorder of the informant.

7.    There is no inconsistent information in the possession, custody or control of the government, related to any government witness which are known to the attorney for the government.

8.    The government declines to provide other documents, memorandum, written agreements, contracts concerning the informant.

9.    The government declines to provide documents related to payments made to the informant in the instant offense.  The

2

Government declines to provide documents related to other controlled buys (specifically dates and offender names) in which the informant was paid.

10. There are no other oral promises, inducements or agreements with the informant which are known to the attorney for the government.

11. There was no relocation assistance provided to the informant in this case which is known to the attorney for the government.

12. A copy of the informant's record is provided under separate cover.

Filed this 27th day of August, 2004.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

JAMES R. GOODHINES
Special Assistant United States Attorney

3

<u>CERTIFICATE OF SERVICE</u>

Hampden,  ss.

Springfield, Massachusetts
August 27, 2004

I, James R. Goodhines, Special Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by mail to:

Vincent Bongiorni
95 State Street
Springfield, MA 01103

JAMES R. GOODHINES
Special Assistant United States Attorney

4