UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 03-30047-MAP |
| ) | |
| MELVIN RICHARDSON, ) | |
|     Defendant. ) | |
| ) | |

*Amended*

**GOVERNMENT'S RESPONSE TO THE DEFENDANT'S REQUEST FOR DISCOVERY**

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully requests this Court to limit the Government's discovery obligations to information that is relevant and material to the Defendant's case. Specifically, the Government contests the Defendant's overly broad request for discovery pertaining to an informant who is a possible witness for the Government in the Defendant's case. The Government has provided the Defendant with the following information about this informant:

    1. The identity of the paid informant who may testify in the Defendant's case.

    2. The amount the informant was paid in the Defendant's case.

    3. The total amount the informant was paid for cooperation in other cases.

    4. Notice of any promises, rewards, or inducements, made by the government to the informant.

The Defendant has requested additional specific information concerning the informant's work with law enforcement in unrelated matters, in addition to further documentary evidence from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") concerning the payments made to the informant in the Defendant's case.[1] The Government respectfully declines to provide this material, as it is neither relevant nor material to the Defendant's case. In addition, release of such details, as requested by the Defendant may jeopardize the safety of the cooperating witness as well as compromise open investigations.

**1. The information sought is neither relevant nor material to the Defendant's case**

The Government's obligation to disclose evidence extends only to favorable evidence that is material. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *see also Strickler v. Greene*, 527 U.S. 263, 281-282 (1999). The mere possibility that evidence might help the defense, or might affect the outcome of the trial, does not establish "materiality" in the constitutional sense. See *United States v. Agurs*, 427 U.S. 97, 109-110 (1976). Evidence is "material" for Brady purposes, "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Lemmerer*, 277 F.3d 579, 586-87 (1st Cir. 2002) citing

---

[1] See Defendant's Motion For Discovery Relating to Confidential Informant,

*Kyles v. Whitley*, 514 U.S. 419, 433 (1995) quoting *United States v. Bagley*, 473 U.S. 6678, 675 (1985). Thus, when the Government's evidence is strong, and includes corroboration of the informant's account, the potential that the informant's bias or credibility would affect the outcome of a trial is minimal. See *U.S. v. Avellino*, 136 F.3d 249, 257-259 (1998); *U.S. v. Amiel*, 95 F.3d 135, 145-146 (2d Cir. 1996); *Cf. Giglio v U.S.*, 405 U.S. 150, 154-155 (1972) (Supreme Court weighed the importance of a government witness' testimony when determining whether the prosecutor should have disclosed impeaching materials). In the instant case, law enforcement agents arrested the Defendant on October 30, 2003, after the Defendant exchanged twenty-nine grams of crack cocaine to an undercover officer in return for two firearms. The Government's case includes evidence that the defendant had previously negotiated, during a recorded telephone call, to exchange the cocaine for two firearms. Once the Defendant handed the crack cocaine to the undercover officer, the officer handed two firearms to the defendant. When the Defendant took the firearms and prepared to leave the scene, agents arrested him. In addition to the cooperating witness and the undercover officer being present for this transaction, task force agents observed and captured audio and video recordings of this transaction. Although the Government may call the cooperating witness at trial, the evidence is clearly sufficient without the cooperating witness' testimony. Details of the witness'

cooperation in unrelated cases are not material in a case in which the informant's testimony is corroborated by undercover officer and video recordings. *United States v. Si*, 343 F.3d 1116, 1118 (2003); see *U.S. v. Cruz-Velasco*, 224 F.3d 654, 661-62 (7th Cir.).

The Defendant has made no showing the information is necessary to his defense. Hunches that the informant was involved in a similar fact pattern in past cases have been viewed as an insufficient showing of materiality to warrant discovery. See *Unites States v. Flores*, 540 F.2d 432, 438 (1976). In *U.S. v. Carson*, the court held that the government's alleged withholding of documents, which would have shown that the government informant threatened or harmed others, did not constitute a Brady violation, on the theory that the evidence was relevant to the defense that the informant coerced the Defendant into entering the drug conspiracy. *U.S. v. Carson*, 9 F.3d 576, 582-83 (7th Cir. 1993). The Court noted that no reasonable possibility existed that the information sought would have sufficiently rebutted the Defendant's participation in the drug deal. *Id.*

Finally, the Defendant has made no showing that the information sought would be admissible in the Defendant's trial. Inadmissible evidence is by definition not material. *Norton v. Spencer*, 351 F.3d 1, 8 n. 3 (1st Cir. 2003) quoting *United States v. Ranney*, 719 F.2d 1183, 1190 (1st Cir. 1983).

**2. Disclosure of the information sought would likely place the**

**informant at risk and compromise investigations**

In *Roviaro v. United States*, the Supreme Court recognized the Government's privilege to withhold from disclosure the identity of persons who furnish information to law enforcement officers. 353 U.S. 53, 58-59 (1957). The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. *Id*. The Defendant has offered no reason to jeopardize the safety of the informant, and the success of investigations unrelated to the Defendant's case.

**3. Federal Rules of Criminal Procedure specifically exempt certain records and documents from production absent a showing from the Defendant.**

Since the Government does not intend on introducing the requested documents or evidence at trial, Fed.R.Crim.P. 16(a) does not mandate the discovery or inspection of "reports, memoranda, or the internal government documents made by the attorney for the government or other government agents in connection with the investigation or prosecution of the case, or of statements made by government witnesses or prospective government witnesses except as provided in 18 U.S.C. §3500." Fed.R.Crim.P. 16(a)(2).

### Conclusion

For the reasons stated above, this Court should deny the Defendant's request for discovery as it pertains to the Government's named informant.

```
                              Respectfully submitted,
                              MICHAEL J. SULLIVAN
                              UNITED STATES ATTORNEY

                         By:  s/ Paul Hart Smyth
                              Paul Hart Smyth
                              Assistant U.S. Attorney
```

## CERTIFICATE OF SERVICE

I hereby certify that the above memorandum was served on counsel of record by facsimile transmission on this 27th day of September 2004.

                                                S/ Paul Hart Smyth
                                                Paul Hart Smyth
                                                Assistant U.S. Attorney