UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) No. 03-30047-MAP |
| | ) |
| MELVIN RICHARDSON | ) |

**DEFENDANT'S MOTION FOR RELIEF FROM PREJUDICIAL JOINDER FEDERAL RULE CRIMINAL PROCEDURE RULE 14(a)**

Now comes the defendant and moves this Honorable Court for an order granting the defendant relief from the prejudicial joinder of counts in the superceding indictment and as his basis therefore asserts the following:

The defendant was originally indicted in a two count indictment in November, 2003 charging the defendant with distribution of cocaine, and possession of a firearm by a convicted felon. The basis for these charges was a "reverse sting" operation by the Bureau of Alcohol Tobacco and Firearms trading the defendant firearms for drugs. The events which gave rise to this indictment occurred on October 30, 2003.

On September 25, 2003 the defendant was arrested by officers of the Massachusetts State Police and charged with trafficking cocaine and subsequently indicted by a Hampshire County Grand Jury #03-206, 207, these charges are still pending against the defendant and scheduled for trial in the Hampshire County Superior Court in October of 2005.

The defendant was prepared to go to trial in September of 2005 and anticipated testifying on his own behalf when the superceding indictment was returned in August of this year.

The defendant believes and therefore avers the joinder of these offenses is improper and prejudicial in so far as they are not based on the same act or transaction do not constitute a common scheme or plan, and are only generically similar charges. A trial for joined counts will force the defendant to cede his rights under the Fifth Amendment as to Counts One and Two in order to exculpate himself and exercise his 6th Amendment rights as to Counts 3 and 4.

Wherefore the defendant moves this Honorable Court for an order of severing for purposes of trial Counts I and II from Counts III and IV.

                    THE DEFENDANT

                    By: /s/ Vincent A. Bongironi
                    Vincent A. Bongiorni, Esq.
                    95 State Street - Suite #309
                    Springfield, MA 01103
                    (413) 732-0222
                    BBO #049040

                  CERTIFICATE OF SERVICE

    I, Vincent A. Bongiorni, Esq., hereby certify that I have served a copy of the foregoing to Assistant United States Attorney, Paul Smyth, 1550 Main Street Springfield, MA 01103, this 16th day of September, 2005

                  /s/ Vincent A. Bongironi

                  Vincent A. Bongironi

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs.                                                     ) | No.  03-30047-MAP |
| ) | |
| MELVIN RICHARDSON              ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SEVERANCE**

**FACTS**

In November, 2003 the defendant was indicted by a Federal grand Jury and charged in a two count indictment with distribution of cocaine and being a felon in possession of a firearm. Shortly before the defendant's trial was to begin on these charges the Government returned a superceding indictment charging the defendant with two new drug counts which had previously been the basis for pending State charges against the defendant. Prior to the defendant's trial, the Government was informed the defendant intended to rely on an entrapment defense as to the count in the original indictment charging him with being a felon in possession of a firearm.

**ARGUMENT**

A plausible basis for the joinder of multiple counts ordinarily should be discernible from the face of the indictment. United States v. Nantanel, 938 F.2d 302, 306 (1st Cir. 1991) vouchsafes that similarity of charges is not the sole criterion of joinder . The Criminal Rules allow joinder not only of offenses that are of the same or similar character, but also of offenses that are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan. Fed. R.Crim.P. 8(a)**.**

Counts that are properly joined need not always be tried together. Even if the offenses are properly joined, the Criminal Rules authorize a severance if the joinder of offenses appears to prejudice a defendant. Fed. R. Crim. P. 14(a). Severance on the ground of undue prejudice is a judgement call and, thus, is a matter committed to the trier's informed discretion. See United States v. Alosa, 14 F.3d 693, 694-95 (1st Cir. 1994).

While courts zealously guard a defendant's Fifth Amendment right not to testify at all, the case law is less protective of a defendant's right to testify selectively. Alosa, 14 F.3d at 695. A defendant seeking a severance for the purpose of testifying on one of the several counts must make a threshold showing that he has salient testimony to give on one count and an articulable

need to refrain from giving testimony on the others. Carrying the first part of this burden typically requires that the defendant furnish the trial court with a particularized offer of proof limning the testimony that he proposes to give and indicating how it would further his defense. See United States v. Jordan, 112 F.3d 14, 17 (1st Cir. 1997). Alosa, 14 F.3d at 695.

In this case the attached affidavit of the defendant demonstrates a particularized basis for severance. The defendant is able to articulate a fact based entrapment defense to the firearm count which is the most serious charge the defendant faces. In order to properly defend himself against the firearm count the defendant now has to relinquish his 5th Amendment protection in order to exercise his right s under the 6th Amendment to provide favorable proofs on the firearm charge. The existence of pending state charges in which his testimony could be used against him similarly prejudices the defendant's right to a fair trial.

## **CONCLUSION**

For all of the reasons set forth above the defendant is entitled to the relief requested.

DEFENDANT

BY:_____
Vincent A. Bongiorni, Esq.
95 State Street - Suite #309
Springfield, MA 01103
(413) 732-0222
BBO #049040

## CERTIFICATE OF SERVICE

I, Vincent A. Bongiorni, Esq., do hereby certify that I have served a copy of the foregoing to Assistant United States Attorney, Paul Smyth, 1550 Main Street, Springfield, MA 01103 this ___ day of September, 2005.

_____
Vincent A. Bongiorni

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA  )
                                                )
vs.                                           )  No.  03-30047-MAP
                                                )
MELVIN RICHARDSON            )

**AFFIDAVIT IN SUPPORT OF MOTION TO SEVER**

      Now comes Melvin Richardson, and being duly sworn, hereby deposes and states as follows; I am the defendant in the above entitled matter. I am currently being charged in a four count indictment with three drug charges and with being a felon in possession of a firearm.

      I believe I am charged in that regard because the Government believes it has the ability to enhance my sentence on the firearm charge. The basis for the charge against me is a "reverse sting" in which a Confidential Informant, employed by the Bureau of Alcohol, Tobacco, and Firearms, entrapped me into accepting the firearms in exchange for a quantity of cocaine.

      I was never predisposed to possess or carry a weapon or trade weapons for drugs. I was constantly being asked by the informant to acquire guns for drugs and refused on multiple occasions. I was instructed by the informant as to what to tell the agents before and during my arrest. After my arrest, before I knew the informant was retained as a government agent , I told the agent the guns were for him, which was the truth. The informant knew I was a drug addict and was able to prey on my addiction by promising to permit me to take some of the cocaine traded on October 30, 2003.

      In order to exculpate myself from this charge, which I believe I am legally innocent of, I have to take the stand and outline everything the informant did unlawfully to entrap me and emphasize everything the agents did and failed to do, which allowed this to happen.

      The evidence with respect to Count One and Two of the superceding indictment, although similar, do not constitute part of a common scheme or plan, nor one they related to the September 25, 2003 indictment. I would not testify about my participation in these counts, if I had a choice, and would put the Government to its proof. I will be prejudice if I am to testify truthfully about that incident and would not waive my 5th Amendment Privilege if I went forward to do so.

      I expect I would demonstrate I never entertained any predisposition to possess firearms or to trade such an item for drugs.

                                                    _____
                                                            Melvin Richardson