UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | No.  03-30047-MAP |
| ) | |
| MELVIN RICHARDSON ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SEVERANCE**

**FACTS**

    In November, 2003 the defendant was indicted by a Federal grand Jury and charged in a two count indictment with distribution of cocaine and being a felon in possession of a firearm. Shortly before the defendant's trial was to begin on these charges the Government returned a superceding indictment charging the defendant with  two new drug counts which had previously been the basis for pending State charges against the defendant. Prior to the defendant's trial, the Government was informed the defendant intended to rely on an entrapment defense as to the count in the original indictment charging him with being a felon in possession of a firearm.

**ARGUMENT**

    A plausible basis for the joinder of multiple counts ordinarily should be discernible from the face of the indictment. United States v. Nantanel, 938 F.2d 302, 306 (1st Cir. 1991) vouchsafes that similarity of charges is not the sole criterion of joinder . The Criminal Rules allow joinder not only of offenses that are of the same or similar character, but also of offenses that are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan. Fed. R.Crim.P. 8(a)**.**

    Counts that are properly joined need not always be tried together. Even if the offenses are properly joined, the Criminal Rules authorize a severance if the joinder of offenses appears to prejudice a defendant. Fed. R. Crim. P. 14(a). Severance on the ground of undue prejudice is a judgement call and, thus, is a matter committed to the trier's informed discretion. See United States v. Alosa, 14 F.3d 693, 694-95 (1st Cir. 1994).

    While courts zealously guard a defendant's Fifth Amendment right not to testify at all, the case law is less protective of a defendant's right to testify selectively. Alosa, 14 F.3d at 695. A defendant seeking a severance for the purpose of testifying on one of the several counts must make a threshold showing that he has salient testimony to give on one count and an articulable

need to refrain from giving testimony on the others. Carrying the first part of this burden typically requires that the defendant furnish the trial court with a particularized offer of proof limning the testimony that he proposes to give and indicating how it would further his defense. See United States v. Jordan, 112 F.3d 14, 17 (1st Cir. 1997). Alosa, 14 F.3d at 695.

In this case the attached affidavit of the defendant demonstrates a particularized basis for severance. The defendant is able to articulate a fact based entrapment defense to the firearm count which is the most serious charge the defendant faces. In order to properly defend himself against the firearm count the defendant now has to relinquish his 5th Amendment protection in order to exercise his right s under the 6th Amendment to provide favorable proofs on the firearm charge. The existence of pending state charges in which his testimony could be used against him similarly prejudices the defendant's right to a fair trial.

## CONCLUSION

For all of the reasons set forth above the defendant is entitled to the relief requested.

DEFENDANT

By: /s/ Vincent A. Bongiorni
Vincent A. Bongiorni, Esq.
95 State Street - Suite #309
Springfield, MA 01103
(413) 732-0222
BBO #049040

CERTIFICATE OF SERVICE

I, Vincent A. Bongiorni, Esq., do hereby certify that I have served a copy of the foregoing to Assistant United States Attorney, Paul Smyth, 1550 Main Street, Springfield, MA 01103 this 16th day of September, 2005.

/s/ Vincent A. Bongiorni
Vincent A. Bongiorni