UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | )  No. 03-30047-MAP |
| | ) |
| MELVIN RICHARDSON | ) |

**MOTION TO SUPPRESS**

Now comes the defendant, Melvin Richardson, in the above entitled action and moves this Honorable Court for an order suppressing certain evidence all as below described, seized during a series of searches directed against him, and asserts as his basis, therefore, the following:

1. On September 25, 2003 the defendant was the operator of a motor vehicle in Northampton, Massachusetts.

2. At approximately 1:30 p.m. the defendant's motor vehicle was stopped and the defendant's license obtained.

3. The defendant was physically restrained by officers of the State Police.

4. Thereafter the defendant's motor vehicle was subjected to an unconsented to warrantless search by the officers as aforesaid.

5. Upon information and belief the officers seized certain items of evidence from within the motor vehicle. The defendant was arrested and during a custodial interrogation made certain admissions which the Government intends to use at trial.

    The defendant believes and therefore avers that the Government ought not to be permitted to introduce said evidence for the following reasons:

    1. The initial stop of the defendant's vehicle was insufficient as a matter of law to justify a legally valid threshold inquiry.

    2. The manner and means employed by the officers initiating the stop were unreasonable and insufficient as a matter of law to justify a legitimate threshold inquiry.

    3. The arrest of the defendant was warrantless and unsupported by any facts sufficient as a matter of law, to establish the necessary level of probable cause therefore.

    4. The resulting seizure of items from the person and/or motor vehicle of the defendant, Melvin Richardson, were not, as a matter of law, a valid search incident to a lawful arrest.

5.  The search and resulting seizure of items of evidence from within the defendant's motor vehicle was warrantless and unsupported by probable cause.

6.  At the time of the above referenced searches there existed no such facts and circumstances sufficient as a matter of law to establish the existence of probable cause justifying the seizure of items of evidence from the defendant's motor vehicle.

7.  The warrantless seizure of the defendant's person was not justified by the existence of any circumstance sufficient, as a matter of law, to qualify as an exception to the warrant requirement.

8.  The search and resulting seizure of items of evidence from the defendant's motor vehicle was not a legitimate inventory search.

The defendant asserts, as to all oral and written statements, violations of his rights as guaranteed by the 5th, 6th and 14th Amendments to the United States Constitution, and Title 18 section 3501.

The defendant more specifically asserts the statements:

1.  Were taken without being fully or properly advised of <u>Miranda</u> rights;
2.  Were taken without a knowing, intelligent and/or voluntary waiver of <u>Miranda</u> rights;
3.  Were involuntary
4.  Were taken as a result of continued interrogation after the right to counsel was invoked;
5.  Were taken without the defendant understanding or knowing the charges against him;
6.  Were taken as a result of a violation of defendant's right to prompt arraignment and/or right to be presented to Magistrate pursuant to Rule 5 of the Federal Rules of Criminal Procedure..

WHEREFORE, the defendant asserts that said items and any evidence derived therefrom were obtained in violation of Title 18 sec. 3501 and Rule 5 of the Federal Rules of Criminal Procedure; the Fourth, Fifth, and Sixth Amendment to the United States Constitution. In anticipation of an evidentiary hearing upon the issues raised in the body of this motion, the defendant expressly seeks leave of the Court to supplement the grounds alleged herein, and for the filing of a further memorandum of Law in support of his claims in order to more properly frame such issues for the Court's consideration.

THE DEFENDANT

|  |  |
|---|---|
| 9/16/05 | BY: /s/Vincent A. Bongiorni |
|  | Vincent A. Bongiorni, Esq.<br>95 State Street, Suite 309<br>Springfield, MA. 01103<br>(413) 732-0222<br>BBO #049040 |

CERTIFICATE OF SERVICE

I, Vincent A. Bongiorni, Esq., do hereby certify that I have served a copy of the foregoing to the Assistant United States Attorney, Paul Smyth, 1550 Main Street, Springfield, MA. 01103 this       day of September, 2005.

/s/ Vincent A. Bongiorni

Vincent A. Bongiorni