UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) CRIMINAL NO. 03-30047-MAP |
| | ) |
| MELVIN RICHARDSON, | ) |
| Defendant. | ) |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SEVER

### Introduction

The Defendant stands indicted in a four-count indictment for possession of cocaine base with the intent to distribute (count one), possession of cocaine with the intent to distribute (count two), possession of cocaine base with the intent to distribute (count three), and being a felon in possession of a firearm (count four). Counts one and two arise from the recovery of cocaine and cocaine base from a car the Defendant was driving on September 25, 2003. Counts three and four are based on the Defendant's arrest on October 30, 2003, at which time he distributed an ounce of cocaine base to an undercover agent in exchange for two firearms. The Defendant now moves to sever counts one and two from counts three and four alleging that his 5th Amendment rights would be compromised if the counts were tried together.

This Court should deny the defendant's motion since the proper joinder of the closely related offenses would not amount

to undue prejudice to the Defendant at trial. Principles of fairness and judicial economy require the counts to be tried together.

### Statement of Facts

On September 25, 2003, Massachusetts State Police ("MSP") Trooper Sean Maher ("Maher"), while on routine traffic patrol on MA Interstate 91, noticed the Defendant driving at a high rate of speed. Maher followed the Defendant for more than ½ mile and estimated his speed to be in excess of 80 miles-per-hour. Maher activated his cruiser's lights and siren and he stopped the Defendant's car. Maher asked the Defendant for his license. The Defendant, who was traveling alone, identified himself and stated that he had left his license at home. Maher checked the Defendant's name with the Massachusetts' Registry of Motor Vehicles and learned that the Defendant's licence to operate a motor vehicle had been revoked for operating a under the influence of alcohol. When Maher advised the Defendant about the status of his license, the Defendant acknowledged that he was aware it had been suspended.

Maher asked the Defendant to exit his car, pat frisked the Defendant for safety reasons, and told him to sit in the cruiser which was parked on the side of the highway(for the Defendant's safety). Maher then arrangements for the car to be towed. Before releasing the car to the tow company, Maher and Trooper

Nims performed an inventory search of the car. The troopers recovered 29 bags of crack cocaine (12.84 grams), 11 bags of cocaine powder (6 grams), and 1 bag of marijuana (1 gram). The troopers recovered the drugs from under the vehicle's floor mats.

Maher arrested the Defendant and advised him of his Miranda Rights at the scene. After Maher advised the Defendant of his Miranda rights for a second time at the MSP barracks, the Defendant waived Miranda. While he claimed that he was not "a drug dealer," the Defendant admitted to being a "transporter" of drugs from one dealer to another. The Defendant said he dropped drugs at the Walmart in Northampton several times a week. He refused to identify any coconspirators.

At approximately the same time as the Defendant's arrest by trooper Maher, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") had begun an independent investigation into the Defendant after an informant indicated the Defendant was dealing drugs and was trying to obtain a firearm. According to the cooperator, the Defendant stated he needed to replace his broken firearm.

On October 22, 2003, the ATF recorded a telephone conversation, facilitated by the cooperating witness, during which the Defendant agreed to trade an ounce of cocaine in exchange for two firearms. The Defendant also specified the type of firearms that he was looking to acquire. The Defendant

3

further indicated that he could easily obtain the cocaine to trade for the firearms.

On October 30, 2005, an ATF undercover agent, who was posing as the source for firearms, met the Defendant and the cooperator in a parking lot in Springfield. The cooperator and the Defendant entered the undercover agent's car, with the cooperator getting in the back seat, and the Defendant sitting in the front passenger seat. The Defendant took two handguns from the undercover agent and inspected them. The Defendant then retrieved a bag of cocaine from his car, and handed the cocaine to the undercover agent. After complaining about the age of one of the firearms, the Defendant wrapped the firearms in a shirt and exited the car. At that point the ATF arrested the Defendant.

## Argument

1. **Joinder of the four counts of the indictment is proper due to the related nature and temporal proximity of the offenses.**

Joinder is proper in this case under Rule 8(a) of the Federal Rules of Criminal Procedure because the offenses alleged against the Defendant are based on "the same or similar character... [and] acts connected together or constituting parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Rule 8(a) provides that two or more offenses may be charged in the same indictment if the offenses charged are "of the same or similar

4

character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Fed. R. Crim. P. 8(a). The provisions of Rule 8(a) are "generously construed in favor of joinder." United States v. Melendez, 301 F.3d 27, 35 (1st Cir. 2002) quoting United States v. Randazzo, 80 F.3d 623, 627 (1st Cir. 1996).

In determining whether counts are properly joined, the court considers such factors as "whether the charges are laid under the same statute, whether they involve similar victims, locations, or modes of operation, and the time frame in which the charged conduct occurred." United States v. Taylor, 54 F.3d 967, 973 (1st Cir.1995). The fact that the indictment charges the Defendant with committing the same crime - possession with the intent distribution of cocaine base - less than two months apart weighs very heavily in favor of joinder of the counts. Melendez, 301 F.3d at 35-36; United States v. Babbitt, 683 F.2d 21, 23 (1st Cir. 1982) (cocaine transactions on two different dates "are of the same or similar character." In addition, the firearm offense as alleged in count four is closely related to the drug offenses. See e.g., United States v. Acosta, 67 F.3d 334, 339 (1st Cir. 1995) ("drug dealing is often associated with access to weapons).

   2.  **The Defendant has failed to demonstrate that he would be subjected to undue prejudice should the four counts of the indictment be tried jointly.**

5

Even though the offenses are properly joined, the trial judge retains discretion to sever the counts of an indictment pursuant to Fed.R.Crim.P.14[1] in cases where the Defendant would be unfairly prejudiced by the joinder of offenses. United States v. Yefsky, 994 F.2d 885, 895 (1st Cir. 1993); Fed.R.Crim.P. 14. The prejudice shown must be greater than that inherent in trying multiple counts together. See United States v. Rose, 104 F.3d 1408, 1415 (1st Cir. 1997) citing Yefsky, 994 F.2d at 896. The First Circuit recognized three types of prejudice that can emerge from the joinder of offenses:

1. The defendant may become embarrassed or confounded in presenting separate defenses;

2. proof that defendant is guilty of one offense may be used to convict him of a second offense, even though such proof would be inadmissible in a separate trial for the second offense; and

3. a defendant may wish to testify on his own behalf on one of the offenses but not another, forcing him to choose the unwanted alternative of testifying as to both or testifying as to neither.

United States v. Scivola, 766 F.2d 37, 41-42 (1st Cir. 1985). In

---

[1] Rule 14 of the Federal Rules of Criminal Procedure provides in relevant part:

   If the joinder of offenses or defendants in an indictment, an information, or consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed.R.Crim.P.14(a)

6

order to prevail on a motion to sever, a defendant must make a "strong showing of prejudice." United States v. Jordan, 112 F.3d 14, 16 (1st Cir. 1997) quoting United States v. Gray, 958 F.2d 9, 14 (1st Cir. 1992); Rose, 104 F.3d at 1415.

The Defendant's motion for severance is based on the third factor as enumerated in the Scivola decision - the desire to testify as to some of the counts in the indictment, but not all. Scivola, 766 F.2d at 42 citing Cross v. United States, 335 F.2d 987 (D.C. Cir. 1964). Specifically, the Defendant claims he would testify as to his possession of a firearm during his October 30, 2003 arrest, as alleged in count four of the indictment, but he would refuse to testify as to the possession of cocaine and cocaine base with the intent to distribute arising out of his arrest on September 25, 2003 (counts one and two).

The First Circuit considered a similar proffer by the defendant in United States v. Alosa. 14 F.3d 693 (1994). The defendant in Alosa was charged in a single indictment with separate counts alleging firearm and drug offenses. Id. at 694. Although the defendant moved twice to sever the firearm count from the drug counts based on his inclination to testify only as to the firearm possession, the trial court refused to sever the counts, and tried the counts together. Id. at 695-96. In upholding the trial court's decision that the Defendant was not entitled to the severance, the Court of Appeals recognized that

7

while the Fifth Amendment protects a defendant's right to choose whether to testify, it does not assure that the testimony will only benefit the defendant. Id. at 696 citing McGautha v. California, 402 U.S. 183, 213 (1971).

Here, the Defendant's proposal to testify selectively and offer a defense of entrapment should be carefully scrutinized as an attempt to limit relevant and material evidence. His argument fails because he has not established a convincing showing that his testimony is important in light of the evidence that he acted knowingly and intentionally in obtaining and possessing the firearms.

The facts of the instant case are clearly distinguishable from United States v. Jordon, a case in which the First Circuit deemed severance appropriate to an indictment alleging mail fraud, money laundering, and tax evasion. 112 F. 3d 14, 16 (1st Cir. 1997). Jordan involved the Defendant's right to present a defense though his own testimony solely to the tax evasion count. Id. In distinguishing its holding from Alosa, the court allowed severance citing of the unique nature of the charges against the defendant, who, in a criminal tax case, was entitled to present his subject belief, no matter how unreasonable, as a defense to the element of willfulness as defined in tax cases. Jordon, 112 F.3d at 17 citing Cheek v. United States, 498 U.S. 203-04 (1991). Here, the Government is not required to prove willfulness to

8

prove a violation of Title 18, United States Code, Section 922(g). See Brock Hornsby, <u>Pattern Criminal Jury Instructions of the First Circuit</u>, §4.18.922(g), (Dec. 2003); <u>United States v. Hernandez</u>, 146 F.3d 30, 33 n.3 (1st Cir. 1998). This Court should not bestow upon the Defendant a special right to allege entrapment in one offense, while refusing to open himself up to cross examination as to the related drug offense. See Alosa, 14 F.3d at 695 ("And while the courts zealously guard a defendant's Fifth Amendment right not to testify at all, the case law is less protective of a defendant's right to testify selectively...") citing <u>Brown v. United States</u>, 356 U.S. 148, 155-56 (1958).

Furthermore, the Defendant has not satisfied the second prong required under <u>Scivola</u> to show undue prejudice arises from the joined counts, as he offers no basis why he could not testify about his arrest on September 23, 2005. <u>Scivola</u>, 766 F. 2d at 42-43. Here, the counts are related in nature and in evidentiary significance, and they should be tried together. <u>Cf. Cross v. United States</u>, 335 F.2d 987 (D.C. Cir. 1964). (Severance of counts alleging robbery allowed where (1) the alleged robberies were not necessarily related, and (2) the defendant's defense was innocence, not entrapment, thus evidence of the robbery in which the Defendant did not want to testify was not relevant to the robbery in which he wanted to assert his innocence.) This Defendant should not be granted a separate trial simply because

9

he believes it might improve his odds of acquittal. <u>United States v. Houle</u>, 237 F.3d 71, 78 (1st Cir. 2001) citing <u>Zafiro v. United States</u>, 506 U.S. 534, 540, (1993).

3. **The strong interests in trying related offenses together, outweigh the Defendant's proffer of prejudice.**

Severance should not be granted since judicial economy outweighs the reasons proffered by the Defendant. "The . . . courts have long recognized that consolidated trials tend to promote judicial economy, conserve prosecutorial resources, and foster the consistent resolution of factual disputes common to properly joined defendants." <u>United States v. Josleyn</u>, 99 F.3d 1182, 1188 (1st Cir. 1996). <u>Yefsky</u>, 994 F.2d at 896. The interests are especially relevant, as in the instant case, when the offenses are so closely related. <u>United States v. Babbitt</u>, 683 F.2d 21, 23 (1st Cir. 1982) (cocaine transactions on two different dates "are of the same or similar character." see also <u>United States v. Nueva,</u> 979 F.2d 880 (1st Cir. 1992) (substantive drug counts arising out of the same conspiracy can be charged in the same indictment).

Here, counts one through four also share a correlative relationship not only due to the nature of drug distribution, but also because of the evidentiary significance that the circumstances from each offense date carry for the other offense date. Specifically, the Defendant's arrest on September 25, 2003

for possession with the intent to distribute cocaine and cocaine base (as alleged in counts one and two), would be admissible for the government to show the Defendant's predisposition to rebut his entrapment defense with respect to the alleged firearm possession (count four). <u>Acosta</u>, 67 F.3d at 339 (evidence of the defendant's drug dealing properly admitted to rebut defendant's claim that he was entrapped to possessing firearm); see <u>Houle</u>, 237 F.3d at 78 (evidence of defendant's prior bad act probative of defendant's criminal knowledge and intent to show predisposition to commit crime). Likewise, the Defendant's distribution of cocaine base to an undercover ATF agent on October 30, 2003 (as alleged in count three) would be admissible in a separate trial on counts one and two to show the Defendant's knowledge of, and his intent to distribute, the cocaine and cocaine base recovered from the car he was stopped in on Sept. 23, 2003. <u>United States v. Nickens</u>, 955 F.2d 112, 123-25 (1st Cir. 1992) (evidence of defendant's prior drug convictions admissible to show knowledge and intent); see <u>United States v. Hadfield</u>, 918 F.2d 987, 994 (1st Cir. 1990) ("We have often upheld the admission of evidence of prior narcotics involvement in drug trafficking cases to prove knowledge and intent.") The First Circuit has refused a defendant's motion to sever in instances where "[w]ere the counts severed, substantially the same evidence would have been admitted in both resulting trials."

<u>United States v. Stackpole</u>, 811 F.2d 689, 693-94 (1st Cir. 1987) (citing <u>United States v. O'Connell</u>, 703 F.2d 645, 649 (1st Cir. 1983)(holding joinder of perjury charges and stolen goods charges permissible because virtually all of the same evidence would have been admissible at separate trials).

## CONCLUSION

For these reasons, the government respectfully requests this Court to deny the Defendant's Motion to Sever.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
Paul Hart Smyth
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

Hampden, ss.                              Springfield, Massachusetts
                                          October 11, 2005

    I, Paul Hart Smyth, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by mail by October 11, 2005, to Attorney Vincent Bongiorni.

                                             /s/ Paul Hart Smyth
                                             Paul Hart Smyth
                                             Assistant U.S. Attorney