UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )  | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 03-30047-MAP |
| ) | |
| MELVIN RICHARDSON, ) | |
| Defendant ) | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

The Government respectfully requests this Court to deny the Defendant's Motion to Suppress. The evidence was seized during a lawful inventory search of the Defendant's car. The Defendant then waived Miranda and made inculpatory statements.

## STATEMENT OF FACTS

On September 25, 2003, Massachusetts State Police ("MSP") Trooper Sean Maher ("Maher"), while on routine traffic patrol on MA Interstate 91, observed the Defendant driving at a high rate of speed. Maher followed the Defendant for more than ½ mile, estimating his speed to be in excess of 80 miles-per-hour. Maher stopped the Defendant's car. asked the Defendant for his license. The Defendant, who was traveling alone, stated he had left his license at home. Maher checked the Defendant's name with the Massachusetts' Registry of Motor Vehicles and learned that the Defendant's licence to operate a motor vehicle had been revoked for operating a under the influence of alcohol. When Maher advised the Defendant about the status of his license, the

Defendant acknowledged that he was aware it had been suspended.

Maher asked the Defendant to exit his car, pat frisked the Defendant, and told him to sit in the cruiser for safety reasons. Maher then made arrangements for the car to be towed. Before releasing the car to the tow company, Maher and Trooper Nims performed an inventory search of the car. The troopers recovered 29 bags of crack cocaine (12.84 grams), 11 bags of cocaine powder (6 grams), and 1 bag of marijuana (1 gram) from under the vehicle's floor mats.

The Defendant was arrested for unlawful possession of cocaine with the intent to distribute. The troopers gave oral Miranda warnings to the Defendant once he arrived at the police station. The troopers then presented a written Miranda waiver to the Defendant, of which the Defendant signed. The Defendant then admitted the drugs recovered in the vehicle belonged to him. He admitted to being a transporter of drugs, and to delivering drugs to people in the Walmart parking lot in Northampton.

### Argument

1.  **The Defendant has failed to establish grounds for suppression of either physical evidence seized or of the Defendant's statements.**

The Defendant's affidavit fails to establish that he had both a subjective and an objectively reasonable expectation of privacy in the vehicle and its contents. United States v. Baskin, 2005 WL 2142766 (1st Cir. 2005) citing United States v. Romain, 393 F.3d 63, 68 (1st Cir.2004), cert. denied, 125 S.Ct.

2924 (2005). His motion should be denied.

2. **The seizure and inventory search of the Defendant's vehicle were consistent with Massachusetts State Police regulations**.

Police may conduct a warrantless search of a motor vehicle after lawfully taking custody of the vehicle so long as the search is consistent with a standardized regulation or routine. Florida V. Wells, 495 U.S. 1, 4 (1990). Here, Maher had probable cause to stop the Defendant once Maher gauged the Defendant's speed to be in excess of 80 mph. See Whren v. United States, 517 U.S. 806, 810 (1996)([t]he decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."). After stopping the Defendant's car, Maher followed Massachusetts State Police policy in deciding to (1) assume control of the vehicle after learning the operator's license was suspended since the operator was the only person present, (2) arrange to tow the car, (2) conduct an inventory search prior to the tow.[1] Once Maher determined the Defendant's license had been suspended, Maher was justified in arresting the Defendant[2] and ordering the car removed from the side of the highway. During the inventory search, the troopers recovered drugs bulging from under the floor mats. Maher's

---

[1] See Massachusetts Department of State Police General Order for Vehicle Inventory (Order No. TRF-10; effective date January 22, 1998) attached as Exhibit #1 (three pages).

[2] Mass. G.L. ch. 90, §21 authorizes warrantless arrest for a violation of Mass. G.L. ch. 90, §23 (operating a motor vehicle after a person's license has been suspended)).

limited search of the Defendant's vehicle was consistent with the policy as set forth by the Massachusetts State Police. <u>Florida v. Wells</u>, <u>Id.</u>; <u>United States v. Hernandez-Albino</u>, 177 F.3d 33, 42 (1st Cir. 1999)(inventory search of vehicle valid because agents conducted search according to official DEA policy). The policy states, in relevant part, that a trooper must conduct a detailed inventory of the interior of the vehicle whenever a vehicle is ordered towed, removed, or impounded. Maher's search was consistent with the parameters as set forth in the state police policy, this was legal. <u>Hernandez-Albino</u>, <u>Id.</u>

**3.  The Defendant made statements to the state troopers after he had waived his <u>Miranda</u> rights.**

The Defendant made a knowing, voluntary, and intelligent, wavier of his <u>Miranda</u> Rights in this case. <u>Miranda v. Arizona</u>, 384 U.S. 436, 475 (1966). To prove a valid waiver, the government must show that (1) the waiver represented an "uncoerced choice;" and, (2) the defendant understood both the nature of the right being waived and the consequences of the waiver. See <u>Moran v. Burbine</u>, 475 U.S. 412, 421 (1986).

Richardson first waived his claim to protection by *Miranda* by volunteering that he had smoked marijuana in the vehicle. <u>Miranda v. Arizona</u>, 384 U.S. at 478 ("Volunteered statements of any kind are not barred by the Fifth Amendment . . . "). Even though the Defendant had not yet received his <u>Miranda</u> warnings, these statements are admissible because they were made absent any

interrogation by the police.  <u>Miranda</u>, <u>Id.</u>

Richardson then explicitly waived his rights after first receiving oral <u>Miranda</u> warnings and then by reviewing and signing a <u>Miranda</u> Waiver, and making a statement.  <u>See e.g.</u> <u>United States v. Mills</u>, 1 F.3d 414 , 418 (6th Cir. 1993 (valid waiver because defendant signed written waiver and received <u>Miranda</u> rights orally  twice); <u>United States v. Amano</u>, 229 F.3d 801, 805 (9th Cir. 2000) (same).

Trooper Maher would testify that Richardson, 37 years old at the time of his arrest, appeared sufficiently intelligent and in sound physical and mental condition, to understand and voluntarily waive his rights.  After waiving his <u>Miranda</u> rights, the Defendant admitted to possessing the drugs recovered from the vehicle in which he was stopped, and he told Maher how he regularly delivered drugs to individuals in the Walmart parking lot in Northampton.  The Defendant stated he was not a "drug dealer.  Instead, he admitted to being "a transporter" of drugs.

Richardson's adult criminal record contains more than 130 entries.  His extensive record weighs heavily towards his awareness of the rights he chose to forfeit by speaking with the officers.  <u>United States v. Palmer</u>, 203 F.3d 55, 61 (1st Cir. 2000) (valid waiver in part because defendant had 16 prior arrests).  The Defendant's criminal record also minimizes the chance that he was under undue coercion when he gave his statement.  <u>See</u> <u>Barnett</u>, 989 F.2d at 555-56.

## **CONCLUSION**

For these reasons, the government respectfully requests this Court to deny the Defendant's Motion to Suppress.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                        By:   /s/ Paul Hart Smyth
                               _____
                                        Paul Hart Smyth
                                        Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

Hampden, ss.                                Springfield, Massachusetts
                                            October 11, 2005

    I, Paul Hart Smyth, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by mail by October 11, 2005, to Attorney Vincent Bongiorni.

                                              /s/ Paul Hart Smyth
                                              Paul Hart Smyth
                                              Assistant U.S. Attorney