UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )       Criminal No. 03-30047-MAP
                                )
            v.                  )
                                )
MELVIN RICHARDSON,              )
        Defendant.              )

GOVERNMENT'S MEMORANDUM IN SUPPORT OF THE GOVERNMENT'S MOTION IN
LIMINE TO IMPEACH THE DEFENDANT WITH HIS PRIOR CONVICTIONS

Introduction

The Defendant stands indicted in a four-count indictment for three counts of possession with the intent to distribute and distribution of a controlled substance in violation of Title 21, United States Code, Section 841; and one count of being a felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g).  The government seeks to impeach the Defendant, if he testifies at trial, with his felony convictions that qualify under Fed. R. Evid. 609.

Argument

"Rule 609 is an impeachment rule which governs the admissibility of evidence of certain criminal convictions of a witness when offered to impeach that witness by proving character for untruthfulness."  United States v. Norton, 26 F.3d 240, 243 (1st Cir. 1994).  "The premise behind the rule is that a witness who has previously been convicted of a felony, or a crime involving dishonesty or a false statement, is more likely to lie than is a person with a spotless past. Id.  Under Fed. R. Evid.

609(a)(1), evidence of a conviction will be admitted as impeachment evidence if: (1) the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted; (2) the conviction satisfies the time limits of Rule 609(b)[1]; and, "the district court determines that the probative value of admitting the evidence outweighs its prejudicial effect to the accused." United States v. Tracy, 36 F.3d 187, 192 (1st Cir. 1994). The district court's balancing of the probative value and prejudicial effect of a conviction is reviewed for abuse of discretion. Id.

The admission of Richardson's prior felony convictions survives a Rule 403 balancing test since the probative value of the convictions outweighs any potential prejudicial impact to the Defendant. First, Richardson's credibility is critical to the jury's determination of guilt or innocence assuming Richardson presents a defense that he lacked one or more of the following: (1) the intent to distribute the controlled substances; (2) possession of either the controlled substances or the firearms; or (3) the will or predisposition to commit the crimes. Evidence that Richardson was unknowing or unwilling, admitted either through Richardson or other defense witnesses, would assume great importance. Accordingly, the probative value of the prior

---

[1]Fed. R. Evid. 609(b) permits impeachment of prior felony convictions if the date of the prior conviction or the release date from confinement for that conviction, whichever is the later date, is less than ten years old.

convictions, reflective of the Defendant's credibility, would become instrumental to the jury's assessment of the facts and their determination of guilt.

The prejudicial value of his prior felony convictions is minor given (1) the age of his prior felony convictions, and (2) the fact that the convictions are for crimes dissimilar from either distribution of a controlled substance or being a felon possession of a firearm.  In addition, the jury will have already heard evidence the Defendant is a convicted felon since it is an essential element of Count Four (Felon in Possession of Firearm in violation of Title 18, United States Code, Section 922(g)).

The length of time between Richardson's prior felony convictions and his present charges also insures that a jury would not conclude that his present charges somehow arose out of, or are related to, his prior felony convictions.  The Defendant can offer evidence, if he wishes, that he pled guilty to the most recent conviction over two years ago because he was in fact guilty of those crimes, has lived a good life since, and is not guilty of the present charges.

### Conclusion

Therefore, the government respectfully moves this Court for an order allowing the government's motion to impeach the Defendant with the prior convictions as set forth in the government's motion *in Limine*.

Dated this 10th day of March, 2006.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ Paul Hart Smyth

_____

Paul Hart Smyth
Assistant United States Attorney