UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )      Criminal No. 03-30047-MAP
                              )
        v.                    )
                              )
MELVIN RICHARDSON,            )
        Defendant.            )

### GOVERNMENT'S MOTION IN LIMINE TO ADMIT
### EVIDENCE PURSUANT TO FED. R. EVID. 404(b)

#### Introduction

The United States of America, by and through its undersigned attorneys, hereby submits the following Motion *in Limine* to admit evidence of the defendant's drug activity in order to show his knowledge and intent to distribute controlled substances. Specifically, the government's would offer testimony that on October 30, 2003 the defendant made three street-level drug sales in the hours preceding his arrest for distribution of a cocaine base and being a felon in possession of a firearm. Evidence of these drug transactions should be admitted - either in the government's case in chief or as rebuttal evidence - pursuant to F. R. Evid. 404(b) since the defendant's intent to distribute controlled substances is an essential element to counts one through three of the indictment. The government relies on the following in support thereof.

#### Statement of Facts

The defendant stands indicted in a four-count indictment for

1

possession of cocaine base in the form of crack cocaine with the intent to distribute in violation of Title 21, United States Code, Section 841(a)(1) (count one), possession of cocaine with the intent to distribute in violation of Title 21, United States Code, Section 841(a)(1) (count two), possession with the intent to distribute and distribution of cocaine base in the form of crack cocaine in violation of Title 21, United States Code, Section 841(a)(1) (count three), and being a felon in possession of a firearm in violation of Title 18, United Stated Code, Section 922(g)(1) (count four).

Counts one and two of the indictment allege the defendant knowingly possessed and intended to distribute both powder cocaine and crack cocaine on September 25, 2003. On this date Massachusetts State Police Troopers Sean Maher arrested the defendant after recovering 29 bags of crack cocaine (12.84 grams), and 11 bags of cocaine powder (6 grams) from beneath the floor mats of a car that the Defendant was driving. The defendant admitted to being a "transporter" of drugs and he described how he delivered drugs several times a week.

Counts three and four of the indictment allege the defendant possessed with the intent to distribute and distributed crack cocaine. The government anticipates its evidence to show that the defendant distributed crack cocaine to an undercover agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives

("ATF") on October 30, 2003. This arrest occurred after the ATF, with the assistance of a cooperating witness, negotiated a deal with the defendant. The terms of the deal provided that the defendant would provide an ounce of crack cocaine in exchange for two firearms. ATF agents arrested the defendant on October 30 moments after he delivered an ounce of cocaine base and took possession of two handguns that he received from the undercover ATF agent.

### Summary of Evidence Probative to the Defendant's Intent to Distribute Controlled Substances

On October 30, 2003, agents from the Drug Enforcement Administration ("DEA"), who were working closely with the ATF, conducted surveillance of the defendant before the prearranged meeting with the undercover ATF agent. The agents followed the defendant as he rode in a car driven by a woman who was later identified as Patricia Carr. The agents observed the defendant meet with three different individuals, at three different locations, and appear to conduct a brief transaction with each individual. The agents believed, based on their training and experience, that the defendant's actions were consistent with his conducting street level drug sales.

The defendant agreed to speak with DEA and ATF agents after they arrested him on October 30. During the interview, the defendant admitted that Patricia Carr drove him to three drug transactions shortly before his arrest.

On November 10, 2003, Patricia Carr agreed to meet ATF agents in their office. During this meeting Carr corroborated the defendant's statement and the DEA's observations pertaining to the defendant's drug activity that preceded his meeting with the undercover ATF agent on October 30. Carr stated that she drove the defendant around Springfield and observed him sell crack cocaine to three of his customers on October 30.[1]

### Legal Argument

This Court should allow the government to offer evidence of the defendant's uncharged drug deliveries October 30, 2003 as probative evidence of his intent to distribute controlled substances as alleged in counts one through three of the indictment. See United States v. Hadfield, 918 F.2d 987, 994 (1st Cir. 1990) ("We have often upheld the admission of prior narcotics involvement in drug trafficking crimes to prove knowledge and intent") citing United States v. Ferrer-Cruz, 899 F.2d 135, 138 (1st Cir. 1990). Rule 404(b) provides that evidence of other crimes are admissible to show a defendant's intent and knowledge is to be admitted as long as the probative value of the evidence is not substantially outweighed by factors such as the danger of unfair prejudice or confusion. Hadfield, 918 F.2d at 994-95. Here, the Rule 403 balancing test weighs heavily in favor of admissibility since the probative value is so

---

[1] Carr's affidavit is attached as Exhibit #1.

great and the potential prejudice is so minimal.  Evidence that the defendant actually distributed drugs is indisputably compelling evidence of a defendant's knowledge of drugs in his immediate area of control and his specific intent to distribute the drugs.  This evidence should be presented to the fact finder in order to provide evidence of an essential element to three of the counts in the indictment.  The evidence is especially relevant to proving the Defendant's specific intent since it is so close in time and nature to the counts alleged in counts one through three of the indictment.  <u>Hadfield</u>, 918 F.2d at 994.

In addition, there is virtually no prejudicial value to this evidence if it is admitted in rebuttal to the Defendant's previously announced[2] defense that he knowingly and willingly distributed drugs but was entrapped into possessing the firearms.  This court should also allow the government to introduce the proposed evidence of drug activity to rebut an assertion by the defendant that he was not predisposed to carry a firearm.  <u>See</u> <u>United States v. Houle</u>, 237 F.3d 71, 78 (1st Cir. 2001) citing <u>United States v. Russell</u>, 411 U.S. 423, 429 (1973) ("if the defendant seeks acquittal by reason of entrapment he cannot complain of an appropriate and searching inquiry into his own conduct and predisposition as bearing upon that issue.") (quoting

---

[2] Attorney Bongiorni, counsel for the Defendant, most recently articulated this defense to the Court on December 22, 2005.

Sorrells v. United States, 287 U.S. 435, 451 (1932)).

Similarly, rebuttal evidence of the Defendant's intent is especially relevant and significant to counts one and two of the indictment if the Defendant were to dispute his intent to distribute by claiming either that he lacked knowledge of the drugs recovered from under the car's floor mats, or that he possessed the drugs for personal use. United States v. Molinares Charris, 822 F.2d 1213, 1220 (1st Cir. 1987) (prior involvement with drug smuggling tended to refute 'mere presence' claim). Although the government intends to introduce evidence that the defendant admitted to having the intent to deliver the drugs to another person before he was arrested on September 25, the defendant's admission should not preclude the government from corroborating the defendant's admission with this uncharged drug activity. See United States v. Figueroa, 976 F. 2d 1446, 1454 (1st Cir. 1992)(Rule 404(b) evidence is admissible for purpose of corroborating testimony of prosecution).

## Conclusion

This evidence is admissible pursuant to F.R. Evid. 404(b) because it demonstrates the defendant's intent to distribute, preparation, plan, knowledge and absence of mistake or accident. The evidence would also serve to rebut a defense of entrapment. Further, pursuant to Rule 403, the probative value of the evidence outweighs the danger of unfair prejudice,

confusion of the issues, or misleading the jury and would not cause an undue waste of time. Therefore, the government moves that the Court allow this motion.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                                        /s/ Paul Hart Smyth
                       By: _____
                                        Paul Hart Smyth
                                        Assistant U.S. Attorney