UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )      Criminal No. 03-30047-MAP
                              )
        v.                    )
                              )
MELVIN RICHARDSON,            )
        Defendant.            )

**Government's Response in Opposition to the Defendant's Motion In Limine to Prevent the Government from Introducing Consensually Recorded Conversations**

The government respectfully requests this Court to deny the Defendant's Motion *in Limine* (Dkt. # 64) since the recordings at issue were legally obtained and are admissible evidence of statements of the defendant. The government anticipates its evidence to show that on October 30, 2003, the defendant delivered one ounce of crack cocaine to an undercover agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and in exchange, the defendant received two firearms from the agent. This transaction occurred after the ATF, with the assistance of a cooperating witness named Rashiid Mapp, negotiated a deal with the defendant during two recorded telephone calls. The first call occurred on October 15, 2003, and the second call took place on October 22, 2003. Since the cooperating witness consented to the recording of these calls, the recordings fall under an exception to 18 U.S.C. § 2510 et seq. which provides that, "[i]t shall not be unlawful under this chapter for a person acting under color of law to intercept a

1

wire or oral communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception." 18 U.S.C. § 2511(2)(c). United States v. Cruz Jimenez, 894 F.2d 1, 8-9 (1st Cir. 1990).

    Furthermore, the government did not cause the witness Rashiid Mapp to be unavailable as the Defendant alleges in his motion. Rashiid Mapp was employed sporadically as an informant for the ATF from September 2003 through September 2005. Mapp later moved to Florida without providing his forwarding address or a telephone number to the ATF. The undersigned assistant U.S. Attorney informed Attorney Bongiorni as early as January 2006 that the government was having difficulty locating Mapp since he no longer worked as an informant. On February 27, 2006, the undersigned assistant U.S. Attorney informed the Court and counsel, during a status hearing, that the government was prepared to go forward without Mapp. On or about March 3, agents successfully re-established telephone contact[1] with Mapp, and on March 10, the government provided Mapp's Florida address to

---

[1] Although Mapp has indicated he would travel to Massachusetts to testify as to his role in the above-captioned case, Mapp also told Detective Shink that he was reluctant to come to Massachusetts because he feared for his safety. Mapp stated that one of the defendant's friends, Lorenzo Stinson, had previously threatened him with a firearm because of Richardson's arrest.

counsel. It follows that the Defendant has had adequate time to locate Mapp and to serve him with process.

Finally, the admission of the recordings is not predicated on the testimony of Rashiid Mapp. The recordings of the conversations between Mapp and the defendant would not deprive the defendant of his rights under the Confrontation Clause of the Sixth Amendment since Mapp's statements would be offered not for the truth of the matters asserted, but would serve to provide necessary context to the defendant's admissions. United States v. Walter, 434 F.3d 30, 33-34 (1st Cir. 2006).

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Paul Hart Smyth
_____
Paul Hart Smyth
Assistant U.S. Attorney

1