UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) No. 03-30047-MAP |
| | ) |
| MELVIN RICHARDSON | ) |

**<u>DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE</u>**

  The Electronic Communication Protection Act hereinafter, ECPA, amended the Federal Wiretap Act by extending to data and electronic transmissions the same protection already afforded to oral and wire communications. The paramount objective of the Wiretap Act is to protect effectively the privacy of communications. <u>Gelbard v. United States</u>, 408 U.S. 41, 48, 92 S.Ct. 2357, 33 L.Ed.2d 179 (1972); accord <u>United States v. Vest</u>, 813 F.2d 477, 481 (1st Cir. 1987); *see* <u>Bartnicki v. Vopper</u>, 532 U.S. 514, 523-24, 121 S.Ct. 1753, 149 L.Ed.2d 787 (2001)

  The post-ECPA Wiretap Act provides a private right of action against one who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, oral, or electronic communication." 18 U.S.C. §2511(1)(a); *see* 18 U.S. §2520 (providing a private right of action). The Wiretap Act defines "intercept"as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical or other device." Id. §2510(4).

  The ECPA adopts a broad, "functional" definition of an electronic communication. <u>Brown v. Waddell</u>, 50 F.3d 285, 289 (4th Cir. 1995). This definition includes "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, <u>radio</u>, electromagnetic, photoelectric, or photo optical system that effect interstate or foreign commerce," with certain exceptions unrelated to this case. 18 U.S.C. §2510(12). (emphasis supplied)

  There is a pertinent statutory exception to §2511(1)(a) "where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortuous act ..." 18 U.S.C. §2511(2)(d).

The case law is clear as to who has the burden of showing the statutory exception for consent.  <u>United States v. Lanoue</u>, 71 F3d 966, 981 (1st Cir. 1995), suggests the burden is on the party seeking the benefit of the exception, here the Government. <u>Lanoue</u> held that, when the defendant sought a mistrial on the grounds that the government violated §2511 (1), the prosecution had the burden to establish the statutory law enforcement exception. *See also* <u>United States v. Jones</u>, 839 F.2d 1041, 1050 (5th Cir 1988) (when the defendant in criminal prosecution seeks to suppress intercepted communications, "the burden is on the government to prove consent" pursuant to 18 U.S.C. §2511 (2)(C). However, a party may consent to the interception of only part of a communication or to the interception of only a subset of its communications. *See* <u>Griggs-Ryan v. Smith</u>, 904 F.2d at 112 (1st Cir. 1990). "Thus, 'a reviewing court must inquire into the dimensions of the consent and then ascertain whether the interception exceeded those boundaries.'"  <u>Gilday v Dubois</u>,124 F.3d 277, 297 (1st Cir. 1997) (quoting Griggs-Ryan, 904 F.2d at 119). Consent may be explicit or implied, but it must be actual consent rather than constructive consent. *See* <u>William v. Poulos,</u> 11 F.3d at 283-84 (1st Cir. 1993); *see also* <u>United States v. Footman</u>, 215 F.3d 145, 155 (1st Cir. 2000) ("The question of consent, either expressed, or implied, may vary with the circumstances of the parties.")

Absent evidence a party knows the communication was being monitored. The Government fails to meet its burden establish consent <u>United States v. Gomez</u>, 900 F. 2d 43 (5th Cir. 1990).

Consent should not be casually inferred, but rather the circumstances must convincingly show a party knew about, and consented to, the interception. *See* <u>Lanoue</u> supra.

The defendant believes he should be entitled to a hearing pretrial regarding the admissibility of the recordings at issue.

                                              Respectfully submitted,
                                              THE DEFENDANT

>BY: /s/  Vincent A. Bongiorni
>Vincent A. Bongiorni, Esq.
>95 State Street, Suite 309
>Springfield, MA. 01103
>(413) 732-0222
>BBO #049040

CERTIFICATE OF SERVICE

I, Vincent A. Bongiorni, Esq., do hereby certify that I have served a copy of the foregoing to the Assistant United States Attorney, Paul Smyth, 1550 Main Street, Springfield, MA. 01103 this        day of March 2006.

_____    /s/ Vincent A. Bongiorni