UNITED STATES DISTRICT COURT
                         DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA         )
                                 )      Criminal No. 03-30047-MAP
                                 )
        v.                       )
                                 )
MELVIN RICHARDSON,               )
        Defendant.               )

**Government's Motion *in Limine* To Admit Consensual Recordings**

The government respectfully requests this Court to permit the government to admit the recording of a conversation between a Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") informant and the Defendant since the evidence establishes that the informant consented to the recording. In support of its motion, the government submits that on October 22, 2003, the ATF recorded a telephone call between ATF informant Rashiid Mapp and the Defendant Richardson. The recording contains relevant admissions by the Defendant concerning counts three and four of the indictment. On March 23, 2006, the Defendant objected to the admission of the recordings as evidence in the Defendant's trial unless the government's cooperating witness testifies that he consented to the recordings. The defendant's objection to the admission of the recording is misguided since the rules of evidence are inapplicable in the determination of questions of fact pertaining to the admissibility of evidence. Fed. R. Evid. 1101.

Instead, admissibility of this recording, including whether

1

there was one-party consent, is governed by Fed. R. Evid. 104. Rule 104 provides that preliminary questions concerning the admissibility of evidence shall be determined by the court. Fed. R. Evid. 104. In making its determination of admissibility the court is not bound by the rules of evidence, and hearsay evidence may sufficiently establish Mapp's consent to the recording. Id.; see United States v. Tussell, 441 F.Supp 1092, 1097 (M.D. PA. 1977).

In assessing the consensual nature of the recording, this Court should consider that government's proffer that ATF Special Agent Martin had several conversations with Mapp during which Mapp affirmed his consent to recording conversations as part of his role as an informant. Mapp also signed an ATF informant agreement on September 16, 2003, agreeing, inter alia, to wear a recording device.

Mapp's conduct also establishes inferred consent justifying the admission of the recordings. Congress intended the consent requirement of Title 18, United States Code, Section 2511(2)(d) to be construed broadly. Griggs-Ryan v. Smith, 904 F.2d 112, 116-17 (1st Cir. 1990). "Implied consent is 'consent in fact' which is inferred 'from surrounding circumstances indicating that the party knowingly agreed to the surveillance.'" Id. quoting United States v. Amen, 831 F.2d 373, 378 (2d Cir. 1987). Here, the informant explicitly agreed to record conversations on

2

September 16, 2003, and then placed a telephone call to the Defendant on October 22, 2003 from a recording device in the presence of Agent Martin. Mapp continued to cooperate with the ATF when, on October 30, 2003, he accompanied the Defendant to a meeting with an undercover ATF agent at which time the Defendant was arrested for delivering an ounce of cocaine and receiving two firearms. Viewed in its totality, Mapp's conduct clearly established inferred consent to record the telephone conversation on October 22, 2003. Griggs-Ryan, 904 F.2d at 117, quoting United States v. Bonanno, 487 F.2d 654, 658-59 (2d Cir. 1973) (consent shown when 'informer went ahead with a call after knowing what the law enforcement officers were about"). Thus this court should find implied consent based on the circumstances of the informant's conduct and cooperative relationship with the ATF.

    Finally, the ATF Informant Agreement should be admitted as a business record since Martin kept the informant agreement in the regular course of business as a contract with the informant. Fed. R. Evid. R. 803(6).

                                          Respectfully submitted,

                                          MICHAEL J. SULLIVAN
                                          United States Attorney

                                          /s/ Paul Hart Smyth
                By:   _____
                                          Paul Hart Smyth
                                          Assistant U.S. Attorney