**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CRIM. NO. 03-30047-MAP |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **MELVIN RICHARDSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**GOVERNMENT'S STATEMENT OF FACTS REGARDING FORFEITURE**

COMES NOW the United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, Paul Smyth, Assistant United States Attorney, and William M. Welch II, Assistant United States Attorney, and hereby files this statement of facts regarding the forfeiture of the Mitsubishi used by the defendant to deliver an ounce of crack cocaine on October 30, 2003.

Title 21, United States Code, Section 853 states in relevant part that "Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law ... (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a the result of such violation; (2) any of the person's property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of, such violation;. . .

The court, in imposing sentence on such person shall order, kn addition to any other sentence imposed pursuant to this subchapter. . . that the person forfeit to the United States all property described in this subsection."  "[T]he government must demonstrate a reasonable ground for its belief in guilt, `supported by less than prima facie proof, but more than mere suspicion.'" <u>United States v. One 1986 Chevrolet Van</u>, 927 F.2d 39, 42 (1st Cir. 1991)(citations omitted).  "Once the government has made a showing of probable cause, the burden shifts to the Claimant to prove by a preponderance of the evidence that the property was not involved in illegal drug activity." <u>Id</u>.

More than ample proof established that the Mitsubishi that defendant Richardson drove to the Burger King parking lot was used to facilitate the transportation and distribution of cocaine base in the form of crack cocaine in violation of Title 21, United States Code, Section 841(a)(1).  Special Agent Barron testified that he conducted surveillance of defendant Richardson on October 30, 2003.  Special Barron testified that he observed defendant Richardson pick up the cooperating witness in the Mitsubishi.  Special Agent Barron further testified that after picking up the cooperating witness, defendant Richardson began to drive at a high rate of speed and erratically, as if he was "impressing" the cooperating witness with his driving abilities. According to Special Agent Barron, he lost visual surveillance of the Mitsubishi, but later heard over the radio that the car had

arrived in the parking lot of the Burger King.

Special Agent Van Alstyne testified that he acted as the undercover on October 30, 2006.  Special Agent Van Alstyne testified that defendant Richardson and the cooperating witness arrived in a car, which Special Agent Van Alstyne recalled as a "Mitsubishi, a Nissan, or a car similar to that", and parked next to his car.  According to Special Agent Van Alstyne, defendant Richardson was driving the car.  Special Agent Van Alstyne testified that defendant Richardson got out of his car, walked over to Special Agent Van Alstyne's car, and sat in the passenger's seat.  When Special Agent Van Alstyne asked for the ounce of crack cocaine, defendant Richardson told Special Agent Van Alstyne that he had left the ounce of crack cocaine in his car.  Special Agent Van Alstyne testified that he observed defendant Richardson reach into his car, remove something from his console, and then return to his car.  Special Agent Van Alstyne testified that defendant Richardson then handed him an ounce of crack cocaine.[1]

Defendant Richardson testified during the trial.  On cross examination, defendant Richardson admitted that:

> 1.   He was driving the Mitsubishi on October 30, 2003;
>
> 2.   On that day, while driving the Mitsubishi, he picked up the cooperating witness and then drove to the "red house on Bay Street" in order to obtain an ounce of crack cocaine;

---

[1] The Government also introduced a videotape that documented the transaction as described by Special Agent Van Alstyne.

3.    He received the ounce of crack cocaine on consignment and then placed the ounce of crack cocaine into the console area of the Mitsubishi;

4.    He drove himself and the cooperating witness to the Burger King parking lot in order to do the deal;

5.    He got out of his car, walked over to the undercover agent's car, and sat in the driver's seat. When the undercover agent asked for the ounce of crack cocaine, he realized that he had left the ounce of crack cocaine in his car.

6.    He returned to the Mitsubishi, retrieved the ounce of crack cocaine, returned to the undercover agent's car, and handed the ounce of crack cocaine to the undercover.

Therefore, based upon the above, the Government hereby requests that the court order the forfeiture of the Mitsubishi.

Filed this 13th day of April, 2006.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ Paul Hart Smyth

_____
Paul Hart Smyth
Assistant United States Attorney