UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR NO. 03-30047-MAP |
| | ) |
| MELVIN RICHARDSON | ) |

MEMORANDUM AND ORDER REGARDING FORFEITURE

May 9, 2006

PONSOR, D.J.

On March 31, 2006, Defendant was found guilty after a jury trial of two counts of possession with intent to distribute cocaine base, one count of possession with intent to distribute cocaine, and one count of possession of a firearm by a convicted felon.

At the close of the trial, after the jury returned its verdict, the court inquired as to how counsel wished to proceed with regard to the portion of the indictment that sought forfeiture of a Mitsubishi motor vehicle, allegedly used by Defendant in his drug activities. The attorneys indicated that they would waive the right to jury trial on this issue. Defendant also personally indicated his willingness to proceed in this manner, both orally and in

writing. Counsel thereafter agreed to make further submissions with regard to this forfeiture by April 10, 2006. It was agreed that the court would thereafter render its decision, jury waived, basing its conclusions on the evidence received at trial.

On April 13, 2006, the government submitted its Statement of Facts Regarding Forfeiture. This statement summarized the compelling evidence at trial to the effect that, on or about October 30, 2003, Defendant used the Mitsubishi vehicle subject to forfeiture to assist his drug distribution.

Based on the evidence presented at trial, and the government's Statement of Facts (Docket No. 85), the court hereby finds that the Mitsubishi vehicle was used and intended to be used to commit or facilitate the crime of possession with intent to distribute and distribution of cocaine base in the form of crack cocaine. See 21 U.S.C. § 853. For this reason, the court hereby orders entry of judgment in favor of the government with regard to the Mitsubishi motor vehicle specified in this indictment.

Based upon the jury's verdict, and this verdict of forfeiture, the clerk is ordered to enter judgment against

Defendant on all counts. A sentencing date has been set for Defendant on June 29, 2006 at 2:30 p.m. Counsel are admonished that, given the length of time between the verdict and the sentencing, the court is very unlikely to postpone this sentencing.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
United States District Judge

3