UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs.                                                                ) | No.  03-30047-MAP |
| ) | |
| MELVIN RICHARDSON                          ) | |


**DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT**

Now comes the defendant, by and through counsel, and makes the following objections to the Presentence Report:

Paragraph 27 - Objection

Paragraph 28 - The defendant objects as follows; Count One of the indictment involved 12.84 grams of cocaine in base form also known as "crack." Count Two of the indictment involved 6 grams of cocaine in powder form. The defendant was not charged with any other substance. Count Three of the indictment charged defendant with 26.4 grams of cocaine in base form. Cocaine powder and cocaine base are chemically identical substances. One is soluble in water; the other is not. The defendant asserts the Guideline Range pursuant to U.S.S.G. 2D1(3) the Base Offense Level is applied from the Drug Quarterly Table at 2D1.1(c). Count One the applicable level is 26, Count Two the level is 12, Count Three the level is 28. The defendant objects to the conversion in the Presentence Report to the extent the counts do not involve "different" controlled substances, therefore, reliance on notes 6 and 10 are not applicable. The defendant believes under the grouping requirements of U.S.S.G. 3D1 the Base Offense Level should be 28.

Paragraph 29 - The defendant objects - in this case ATF conducted a Reverse Sting and provided defendant with two firearms without ammunition in exchange for cocaine base. U.S.S.G. 2D1.1(b)(1). Application Note 3 suggests enhancement is designed to address the increased danger of violence when drug traffickers posses a weapon. Whereas here, the Government introduced unloaded weapons in a Reverse Sting, and the defendant had no history of possessing firearms and Government agent persuaded defendant to accept firearm in lieu of cash the facts suggest the application of this enhancement is misplaced.

Paragraph 36 - Defendant's objection: To the extent this paragraph permits the establishment of two prior predicate offenses in order to enhance the defendant's sentence without such facts being alleged in the indictment, or proven beyond a reasonable doubt at trial. Defendant claims Base Offense Level should be 14.

Paragraph 37 - U.S.S.G. §2K2.1(b)(5), the defendant objects to a 4 level increase under this section insofar as Application Note 15 to U.S.S.G. 2K2.1 does not clearly identify the limitations to the application of this enhancement. To the extent the application notes provide some guidance, they suggest the factual basis for the enhancement is inapplicable to the facts of the defendant's case.

Paragraph 41 - Defendant's objection - Adjusted Offense Level should be 14.

Paragraph 44 - Defendant objects - the Career Offender provision U.S.S. §4B1.1. The Career Offender Guideline purports to implement Title 28 U.S.C. §944(h). The defendant objects to his classification under this paragraph where the report does not set forth with particularity those convictions upon which the report relies, although paragraph 92 sets forth offenses specified in paragraphs 61, 69, 75, 76, 78, 79, 83, and 84. The defendant believes reliance upon the conclusions set forth in the report at this paragraph, in order to enhance his sentence, violate his rights under the Fifth, Sixth, and Fourteenth Amendment to the United States Constitution.

Paragraph 45 - The defendant objects - see defendant's objection to paragraph 44.

Paragraph 47 - See defendant's objection to paragraph 44.

Paragraph 48 - The defendant's objection - Title U.S.C.§924 provides *inter alia* penalties for various violations of section 922. Paragraph (e)(2) (A) and (B) define the predicate offenses which are necessary to establish a mandatory minimum 15 year sentence. The definitional sections of paragraph (A) and (B) are different and not identical to the terms "crimes"of violence and "controlled substance offense" found within U.S.S.G. 4B1.2. The defendant objects to this classification, both statutory 18 U.S.C. §924, and under the U.S.S. G. Armed Career Criminal Section 4B1.4, to the extent the report relies upon the controlled substance predicate set forth at paragraph 83. The defendant claims the offense does not meet the statutory definition of serious drug offense found at section 924 (2)(A). As the report fails to set forth with precision which conviction the report relies upon, the defendant objects to the U.S.S.G. classification as well. The defendant asserts that any predicate conviction offered to establish and enhance sentences under the guidelines or the statute, which was not set forth in the indictment, nor proven beyond a reasonable doubt at trial, violates his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Paragraph 49 - See defendant's objection to paragraph 48.

Paragraph 50 - Defendant objects - defendant did not use or possess a firearm in connection with a controlled substance offense pursuant to U.S.S.G. 4B1.4 (c).

Paragraph 90 - See defendant's objection to paragraph 48.

Paragraph 91 - See defendant's objection to paragraph 48.

Paragraph 177 - Defendant objects - the defendant believes the defendant's Criminal History Category overstates the seriousness of the defendant's Criminal History. The defendant should be entitled to a departure pursuant to U.S.S.G. 4A1(3)(b).

DEFENDANT,

BY: /s/ Vincent A. Bongiorni, Esq.
95 State Street - Suite #309
Springfield, MA 01103
(413) 732-0222
BBO #049040

CERTIFICATE OF SERVICE

I, Vincent A. Bongiorni, Esq. do hereby certify that I have served a copy of the foregoing via CM/ECF to the Assistant United States Attorney, Paul Smyth, Esq., United States District Court, 1550 Main Street, Springfield, MA. 01103 this 28th day of September 2006.

/s/ Vincent A. Bongiorni