UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA       )
                               )
        v.                     )       CRIMINAL NO. 03-30047-MAP
                               )
MELVIN RICHARDSON              )

MOTION FOR CONSIDERATION OF 18 U.S.C. § 3582(c)(2) ELIGIBILITY
PURSUANT TO *U.S. v. Cardosa/Rodriguez*, 606 F.3d 16 (2010)

Defendant, Melvin Richardson, respectfully moves this Court to determine whether it relied on the crack cocaine guideline sentencing range when sentencing defendant, and thus whether defendant is eligible for a reduction in sentence under the amended crack cocaine guideline range and 18 U.S.C. § 3582(c)(2).

## 1.   **United States v. Cardosa/Rodriguez, 606 F.3d 16 (2010).**

Title 18 U.S.C. § 3582(c)(2) permits a district court to revise a previously imposed sentence if the sentence was "based on" a guideline range that has subsequently been lowered by the Sentencing Commission.  In the combined cases of United States v. Manuel Cardosa and United States v. Edwin Rodriguez, 606 F.3d 16 (2010), the First Circuit addressed the issue whether a defendant who had been designated a career offender, but sentenced within the otherwise applicable crack cocaine guideline range, was eligible for resentencing under 18 U.S.C. § 3582(c)(2).  Giving a "natural reading" to the term "based on" as it appears in § 3582(c)(2), the court held that "where the defendant's existing sentence was ultimately determined by the old crack cocaine

guidelines rather than by the career offender guideline, resentencing is within the discretion of the district court." Id. at 20, 21.  The court thus clarified that career offenders are not categorically ineligible for relief under 18 U.S.C. § 3582(c)(2).  Rather, "where the guidelines chosen to drive the sentence in lieu of the career offender guideline were the crack cocaine guidelines, and those guidelines were later reduced by the Commission with retroactive effect, the statutory predicate to permit resentencing is satisfied."  Id. at 21.

The court noted that in some cases, whether the district court relied on the crack cocaine guideline range in determining the sentence may not be clear from the record.  In Rodriguez's case, this Court departed downward from the career offender range to a sentence within the otherwise applicable crack cocaine guideline sentencing range.  In departing downward, the Court said that the career offender range was "too high," but also noted that Rodriguez came from difficult family circumstances and suffered from diminished capacity.  Id. at 21-21.  Though the Court imposed a sentence within the otherwise applicable crack cocaine guideline sentencing range, it did not expressly adopt that range.  Id. at 22.  The First Circuit said that "[i]f these facts stood alone, we would probably ourselves say the sentence was in fact based on the crack cocaine guidelines and not the career offender guideline."  Id.  However, in denying Rodriguez's

§ 3582(C)(2) motion, this Court said "[t]he fact that defendant was sentenced as a career offender makes him ineligible for a sentence reduction."  The First Circuit thought this statement "muddie[d] the waters" sufficiently such that a remand was appropriate so that this Court could clarify whether the original sentence was based on the crack cocaine guidelines.  <u>Id</u>.  "If the answer is affirmative, then Rodriguez . . . is eligible for resentencing, but otherwise not."  <u>Id</u>.

2.   **The instant case**.

On August 11, 2005, defendant was charged in a four-count superseding indictment with possession of cocaine base with intent to distribute (Counts 1s and 2s), possession with intent to distribute and distribution of cocaine base (Count 3s), and being a felon in possession of a firearm (Count 4s).  PSR at ¶¶4-8.

Defendant was convicted after a jury trial.  PSR at ¶10. The probation department prepared a presentence report.  On Counts 1s-3s, defendant was held responsible for 39.24 grams of cocaine base and 6 grams of cocaine powder, which corresponded to offense level 30.  PSR at ¶28.  A two-level enhancement was applied for the possession of a dangerous weapon in connection with the drug offenses, yielding offense level 32.  PSR at ¶¶29-35.  With respect to Count 4s (the firearm offense), defendant's

-3-

total offense level was 28.  Defendant was in Criminal History
Category VI.

Under the grouping rules (U.S.S.G. § 3D1.2(c)), the higher
offense level 32 would have been used, and defendant's guideline
sentencing range (OL 32, CHC VI) would have been 210-262 months.

However, defendant was subject to the career offender
(§ 4B1.1) and armed career criminal (§ 4B1.4) guidelines.  PSR at
¶¶44-52. Each called for offense level 34 and Criminal History
Category VI, yielding a guideline sentencing range 262-327
months.[1]

Defendant was sentenced by this Court on October 5, 2006.[2]
Among other things, defendant objected to the presentence
report's suggestion the case presented no known factors that may
warrant departure (PSR at ¶176), arguing that defendant's
Criminal History Category overstated the seriousness of his
criminal history.  See D.E. 89 (Defendant's Objections to
Presentence Report) at p. 3; see also U.S.S.G. § 4A1.3.  When
ruling on defendant's objections, this Court construed the
objection to ¶176 as "in the nature of a motion for downward
departure," which it would address later in the hearing.  Tr. at

---

[1]     Defendant was subject to a five-year minimum mandatory
sentence on Counts 1s and 3s, and a fifteen-year minimum
mandatory sentence under 18 U.S.C. § 924(e) on Count 4s.

[2]     The sentencing transcript is attached as Exhibit 1.

-4-

12-14.  The Court otherwise adopted the presentence report's guideline calculations.

Defendant argued for a sentence of fifteen years.  He stressed his horrific upbringing and consequent struggles.  Tr. at 17-22.  Referencing the letters submitted to the Court in support of defendant at sentencing, defense counsel argued:

> I think when you look at that criminal record, it's so awful that the image that it paints is something so entirely separate and distinct from who he really is.

Tr. at 19-20.

The Court varied downward from the career offender/armed career criminal guideline ranges, and imposed a sentence of 216 months.  Tr. at 36.  That sentence was within the otherwise applicable crack cocaine guideline range (OL 32, CHC VI, range 210-262 months).  In imposing sentence, the Court said:

> THE COURT:  It's a terribly difficult situation. It's the end of a long series of problems. I'm going to impose a sentence of 216 months, which is 18 years. It's three years above the minimum mandatory, but it's less than the bottom of the guideline range which is 262 months.
> That is as lenient as I can be under the circumstances based upon the sentencing guidelines. I'm going to impose the lower sentence here under Section 3553A based upon the extraordinarily difficult circumstances of the defendant's upbringing.
> The letter from Mr. Richardson amplifies on the situation, that he was a boy in his teens, and he was confronted with his mother bleeding from having been stabbed according to the subsequent criminal record by his father. It was horribly traumatic for him, and it kicked him into a life of drug addiction.
> I'm not imposing a lower sentence because Mr. Richardson has a drug problem. First of all, I'm not allowed

to impose a low sentence because of somebody's use of drugs.
Second of all, it wouldn't be appropriate for me to do that.
      I'm imposing the sentence because of what happened to
Mr. Richardson. It's damaged him, badly damaged him
emotionally at a time when he was at a vulnerable age and
resulted in him being kicked into this life of drug abuse,
in this grip of crack cocaine. And it's the crack cocaine
from then on which has been the rudder and engine of Mr.
Richardson's life.
      But it was the incident and the terrible terrifying
incident of what he witnessed as a child which directed him
into his life of drug addiction, and I think some
recognition of that is appropriate.
      So rather than impose a sentence of 262 months, which
is the low end of the guideline range, I'm going to impose a
sentence of 216 months, which represents an increase over
minimum mandatory, which I think is appropriate, but less
than the low end of the guideline range.

Tr. 36-38.

      Defendant is incarcerated at FCI Ray Brook.  His release

date is July 27, 2019.

## 3.   **Argument**.

      The foregoing facts suggest that, like Mr. Rodriguez,

defendant is not categorically ineligible for a reduction in

sentence.  Though this Court varied downward on the basis of

defendant's tragic childhood, much as the district court in

United States v. Caraballo, 552 F.3d 6, 8 (2008) varied downward

on the basis of the defendant's deteriorating health, here,

unlike in Caraballo, the Court imposed a sentence that was within

the otherwise applicable crack cocaine guideline sentencing

range.  Under Cardosa/Rodriguez, that is sufficient to raise the

issue whether defendant's sentence was "based on" the otherwise

applicable range.  <u>See</u> <u>Cardosa/Rodriguez</u>, 606 F.3d at 21 ("But such cases are not all of one size or shape. Where the judge in the original sentencing decides to depart from the career offender guideline to some other guideline with its own sentencing range, it is perfectly fair to say that the sentence imposed is 'based on' that adopted range and not the career offender guideline range.").

Nor does the fact that defendant was also subject to the armed career criminal guideline render him categorically ineligible for relief under § 3582(c)(2).  <u>Cardosa/Rodriguez</u> makes clear that whatever recidivist enhancements may apply in a particular case, the terms of § 3582(c)(2) are satisfied if the sentence chosen was based on the otherwise applicable crack cocaine guideline range.

**4.   Recalculation of guideline range if defendant is eligible for a reduction in sentence.**

Were the Court to determine that defendant is eligible for a reduction in sentence, defendant submits that his guideline range would be reduced from 210-262 months to 180-210 months, as follows:

<u>Old calculation</u>:

| | |
|---|---|
| base offense level (39.24g cocaine base/6g cocaine powder) | **30** |
| enhancement for poss. dang. weapon | +2 |
| total offense level | 32 |

Offense level 32, CHC VI yields GSR 210-235 months.

-7-

**New calculation**:

| | |
|---|---|
| base offense level (39.24g cocaine base/<br>6g cocaine powder) | **28** |
| enhancement for poss. dang. weapon | +2 |
| total offense level | 30 |

Offense level 30, CHC VI yields GSR 180-210 months.[3]

**5.    Request for opportunity to submit further briefing.**

Should this Court determine that defendant is eligible for resentencing, defendant respectfully requests the opportunity to make a sentencing recommendation to the Court.[4]

MELVIN RICHARDSON
By his attorney,


/s/ J. Martin Richey
J. Martin Richey
  B.B.O. # 559902
Federal Defender Office
51 Sleeper Street, 5th Floor
Boston, MA  02210
Tel: 617-223-8061

---

[3]    The range for OL 30, CHC VI is 168-210 months, but since defendant is subject to a 15-year (180-month) minimum mandatory sentence on Count 4s, the effective range becomes 180-210 months.  See U.S.S.G. § 5G1.1(c)(2).

[4]    Among other things, defendant would bring to the Court's attention the fact that he has completed a significant number of education classes, and has obtained substance abuse treatment, while in the Bureau of Prisons.

CERTIFICATE OF SERVICE

I, J. Martin Richey, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 24, 2010.

/s/ J. Martin Richey
J. Martin Richey